Lowy, J.
(concurring). I agree with the court’s analysis and resolution of the issues in this case. I write separately to make explicit that the court does not decide whether, as a general matter or on the facts of this case, the toxicology report of the victim constitutes testimonial hearsay, such that the defendant would have a right to confront the particular individual who prepared the report. If such a report is not testimonial, and is otherwise admissible as a business record, an expert witness may reference the report’s context during direct testimony.
In Massachusetts, an expert may not testify on direct examination to facts that are not in evidence.[1] See Commonwealth v. Nardi, 452 Mass. 379, 391-393 & n.13 (2008); Department of Youth Servs. v. A Juvenile, 398 Mass. 516, 531 (1986). See also Mass. G. Evid. § 703 (2017). Whether a toxicology report itself, however, created as part of a routine autopsy, constitutes testimonial hearsay is, in my view, an open question. Compare United States v. Ignasiak, 667 F.3d 1217, 1231-1232 (11th Cir. 2012) *140 (autopsy reports testimonial because “made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial” [citation omitted]), with State v. Mattox, 373 Wis. 2d 122, 136, 145 (2017) (toxicology report requested by medical examiner conducting autopsy was not testimonial because “primary purpose was to identify the concentration of the tested substances in biological samples ... as part of [the] autopsy to determine the cause of death — not to create a substitute for out-of-court testimony or to gather evidence ... for prosecution”), and People v. Leach, 2012 IL 111534, ¶ 137 (autopsy report not testimonial because primary purpose was not to provide evidence in criminal case).
The court does not — and need not — resolve today whether a toxicology report itself conducted as part of an autopsy constitutes testimonial hearsay. See Melendez-Diaz v. Massachusetts, 557 U.S. 305, 311 n.1 (2009) (“[W]e do not hold, and it is not the case, that anyone whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device, must appear in person as part of the prosecution’s case”). See also Williams v. Illinois, 567 U.S. 50, 86 (2012) (Breyer, J., concurring) (raising “difficult, important” question as to “[h]ow ... the [c]onfrontation [c]lause applies] to the panoply of crime laboratory reports and underlying technical statements written by [or otherwise made by] laboratory technicians”). If such a report does not constitute testimonial hearsay and is otherwise properly admitted in evidence, an expert would be permitted to testify to its contents during direct exantination. See Nardi, 452 Mass. at 391-393 & n.13.

Of course, an expert may testify to facts of which he or she has personal knowledge, if the testimony is otherwise admissible.